IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ASHLEY WILKERSON                                                                    PLAINTIFF

vs.                                              Civil No. 4:08-cv-4023

MICHAEL J. ASTRUE                                                                   DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

**BEFORE** the Court is Defendant's Motion to Remand. (Doc. No. 6).[1] The Plaintiff has responded to this Motion and has no objections. (Doc. No. 7). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4). The Court, having reviewed the motion, finds Defendant's Motion To Remand should be **GRANTED**.

**Background:**

Defendant moves this Court to remand this case for further administrative action. Defendant states the Appeals Council wishes to take further administrative action pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. 405(g), which provides:

> "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

-1-

    case to the Commissioner of Social Security for further action by the Commissioner
of Social Security . . ."

According to Defendant, The Office of Hearings and Appeals advises the claim file for this matter cannot be obtained and, pursuant to sentence 6 of sections 205(g) of the Social Security Act, 42 U.S.C. 405(g), the Appeals Council wishes remand because the claims file of the Administrative Law Judge's decision of August 7, 2007, and the recording of the administrative hearing held on April 27, 2007, cannot be located.

## Discussion:

The joint conference committee of Congress, in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act), stated in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Commissioner. The agreement of the joint conference committee was that such procedural defects be considered "good cause" for remand. The committee stated:

> "Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts may review under 205(g) of the Act."

*See*, H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980). I find that good cause exists for remand and this matter should be remanded so the administrative record can be prepared.

## Conclusion:

Based upon the forgoing, Defendant's Motion To Remand is **GRANTED**, and this case is remanded to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g).

**ENTERED** this **16th day of May, 2008.**

                                            /s/   Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            U.S. MAGISTRATE JUDGE